IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND<br><br>Plaintiff,<br><br>v.<br><br>HILLQUIST BROTHERS EXCAVATING., INC., an Illinois corporation,<br><br>Defendant. | Case No.: 08 C 696<br><br>Judge Castillo<br><br>Magistrate Judge Brown |

## AFFIDAVIT

JOSE M. COLIN, upon being first duly sworn deposes and states as follows:

1. Affiant is employed by the Suburban Teamsters Pension Fund ("Fund") as the Fund Administrator and is familiar with the facts underlying this case.

2. Hillquist Brothers Excavating, Inc., was subject to a collective bargaining agreement with Teamsters Local 673 requiring it to make contributions to the Fund on behalf of certain of its employees.

3. The Fund has determined that during the plan year from January 1, 2007 to December 31, 2007, the Hillquist Control Group permanently ceased to have an obligation to contribute to the Pension Fund therefore effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

4. As a result of this complete withdrawal, all entities constituting the Hillquist Control Group, including Defendant Hillquist Brothers Excavating, Inc., incurred actuarily computed withdrawal liability to the Fund in the amount of $223,751.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

5. On or about July 5, 2007, Hillquist Brothers Excavating, Inc., received a notice and demand for payment of withdrawal liability issued by the Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

6. The notice notified Hillquist Brothers Excavating, Inc. that it was required to discharge its liability in sixteen (16) quarterly payments beginning July 15, 2007 of $16,137.00 with a final payment due on April 15, 2011.

7. On or about August 7, 2008 the Hillquist Control Group, through counsel for Hillquist Brothers Excavating, Inc., received a notice from the Fund pursuant to 29 U.S.C. § 1399(c)(5)(A) that its withdrawal liability payments were past due.

8. On or about January 25, 2008 the Hillquist Control Group through Hillquist Brothers Excavating, Inc. and its counsel, received a notice from the Fund pursuant to 29 U.S.C. § 1399(c)(5)(A) that its withdrawal liability payments were past due and that the full $223,751.00 was now due as a result.

9. Pursuant to U.S.C. § 1399(c)(2) withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review. No such request for review has been made by Defendant.

10. To date no member of the Hillquist Control Group, including Defendant Hillquist Brothers Excavating, Inc., has made any of the requested withdrawal liability payments to the Fund. The Hillquist Control Group is in default within the meaning of 29 U.S.C. § 1399(c)(5).

11. As a result of the default, the Trustees of the Fund have accelerated the payment of the full amount of withdrawal liability and the Hillquist Control Group is now liable for the full amount of withdrawal liability assessed of $223,751.00.

12. Affiant suffers from no disability and can so testify and affirm such facts.

FURTHER AFFIANT SAYETH NOT.

_____
JOSE M. COLIN

SUBSCRIBED AND SWORN
to before me this 7th day of
March, 2008.

_____
Deborah K. Simmons
Notary Public

OFFICIAL SEAL
DEBORAH K. SIMMONS
Notary Public, State of Illinois
My Commission Expires 05-20-08